IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MOTHER ZION BAPTIST CHURCH, | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § | CIVIL ACTION NO. H-14-54 |
| STATE FARM LLOYDS and DON GUILLORY, | | |
| Defendants. | | |

MEMORANDUM AND ORDER

Pending is Plaintiff Mother Zion Baptist Church's Motion to Remand (Document No. 9). After carefully considering the motion, response, and the applicable law, the Court concludes that the case should be remanded.

I.  Background

Plaintiff Mother Zion Baptist Church ("Plaintiff") filed a claim under its insurance policy ("the Policy") with Defendant State Farm Lloyds ("State Farm") for wind and hail damage to its property located at 422 E. Milam, Wharton, Texas 77488 ("the Property"). Plaintiff alleges that State Farm assigned Defendant Don Guillory ("Guillory") to adjust the claim. Guillory allegedly conducted an "unreasonable and inadequate" investigation, and together with State Farm, denied and delayed Plaintiff's claim.

Plaintiff brought suit in state court, alleging claims for fraud and violations of the Texas Insurance Code and Deceptive

Trade Practices Act ("DTPA") against both Defendants, and breach of contract and breach of the duty of good faith and fair dealing against State Farm.

State Farm is a citizen of Illinois and Pennsylvania.[1] Guillory and Plaintiff are citizens of Texas. State Farm removed this case to federal court, contending that this Court has jurisdiction based on complete diversity of citizenship because Guillory was improperly joined as a defendant. Plaintiff moves to remand, arguing that Guillory is a proper defendant in this suit.[2]

## II. Analysis

To establish that a non-diverse defendant has been improperly joined, the removing party must prove either (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant. Ross v. Citifinancial, Inc., 344 F.3d 458, 461 (5th Cir. 2003). Here, Defendants allege the latter and hence, "[t]he court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability" on the non-

---

[1] State Farm, as an unincorporated insurance association, is considered to have the citizenship of each of its underwriters. See Royal Ins. Co. of Am. v. Quinn-L Cap. Corp., 3 F.3d 877, 882-83 (5th Cir. 1993). Allstate's individual underwriters are residents and citizens of Illinois and Pennsylvania.

[2] The parties do not dispute that the amount in controversy exceeds $75,000.

diverse defendant.  Id. at 462.  A reasonable basis for state liability requires that there be a *reasonable* possibility of recovery, not merely a *theoretical* one.  Id.  In making this determination, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004).

The party claiming improper joinder bears a "heavy" burden of persuasion. Smallwood, 385 F.3d at 574.  All factual allegations in the state court petition are considered in the light most favorable to the plaintiff, Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005), and contested issues of fact and any ambiguities in state law must be resolved in favor of remand. Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007).

The parties do not dispute that an insurance adjuster such as Guillory can be liable under Chapter 541 of the Texas Insurance Code.  *See* Blanchard v. State Farm Lloyds, 206 F. Supp. 2d 840, 846-47 (S.D. Tex. 2001) (holding that insurance adjuster who handled claim may be personally liable for his deceptive acts or practices under the Texas Insurance Code).  *See also* TEX. INS. CODE §§ 541.002-003.  Therefore, the issue presented is whether Plaintiff has alleged sufficient facts to support a reasonable basis to predict recovery against Guillory.

3

Plaintiff's Original Petition alleges that Guillory was the individual adjuster assigned to its claim, that he conducted an "unreasonable and inadequate" investigation, that he denied wind damage to the roofs, windows, and structure, and that he "grossly undervalued" the damages he did accept. Tracking the language of Sections 541.060 and 541.061 of the Texas Insurance Code, Plaintiff further alleges that State Farm and Guillory: "failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear"; "failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim"; "refused to pay a claim without conducting a reasonable investigation with respect to the claim"; and "misrepresented the insurance policy" by "making an untrue statement of material fact," "failing to state a material fact that is necessary to make other statement made not misleading," and "making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed."

Plaintiff's slim but marginally adequate specific factual allegations against Guillory are minimally sufficient to demonstrate a reasonable basis that Texas law might impose liability on him. See Sargent v. Safeco Ins. Co. of Ind., Civ. A. No. H-10-4252, 2011 WL 819492, at *3-4 (S.D. Tex. Mar. 2, 2011) (Lake, J.) (adjuster not improperly joined where petition alleged

4

adjuster was assigned to claim, conducted a substandard investigation and inspection, prepared a report that failed to include all damages, undervalued damages, and that the unreasonable investigation led to the underpayment of plaintiff's claims, and that the adjuster misrepresented material facts related to coverage, failed to attempt a prompt, fair, and equitable settlement, failed to promptly provide plaintiff with a reasonable explanation of the basis in the policy for the settlement offer, failed within a reasonable time to affirm or deny coverage, and refused to pay plaintiff's claim without conducting a reasonable investigation).

### III.  Order

Based on the foregoing, it is

ORDERED that Mother Zion Baptist Church's Motion to Remand (Document No. 9) is GRANTED, and this case is REMANDED to the 329th Judicial District Court of Wharton County, Texas.

The Clerk will mail a certified copy of this Order to the Clerk of the 329th Judicial District Court of Wharton County, Texas, as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 9TH day of April, 2014.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　EWING WERLEIN, JR.
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE